UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL R. HARRIS, ESQ.

    Plaintiff,

  v.

MITCHELL RUDMAN,

    Defendant.

No. 1:23-cv-23240

**OPINION**

---

**APPEARANCES**:

Alan Lee Frank
ALAN L. FRANK LAW ASSOCIATES, P.C.
135 Old York Road
Jenkintown, PA 19046

    *On behalf of Plaintiff.*

Peter Neil Katz
LAW OFFICES OF PETER KATZ, LLC
116 Village Blvd
2nd Floor
Princeton, NJ 08540

    *On behalf of Defendant.*

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court on Defendant Mitchell Rudman's ("Defendant") Motion to Dismiss, (ECF No. 25), Plaintiff Michael Harris's ("Plaintiff") Complaint for Malicious Use of Process. (ECF No. 1). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

Following the death of Defendant's parents in 2021, Defendant, their son, and Plaintiff, their attorney, were appointed as co-executors of the decedents' estates. (Compl., ECF No. 1 at ¶ 1). On January 19, 2022, Plaintiff initiated an action against Defendant in New Jersey state court, alleging Defendant was unwilling to cooperate in probating the will (the "Underlying Lawsuit"). (Compl., ECF No. 1 at ¶ 3; Def.'s Mot. to Dismiss, ECF No. 25-2 at 4). On March 14, 2022, Defendant filed an answer and counterclaims against Plaintiff for undue influence and breach of fiduciary duty, alleging that Plaintiff embezzled funds and engaged in civil conspiracy. (Compl., ECF No. 1 at ¶ 5). Following a request by the decedents' niece, the state court appointed Steven K. Mignogna of Archer & Greiner, P.C. as an independent third-party administrator, based on Defendant's apparent conflict in serving as administrator because he was decedents' sole and primary beneficiary and the nature of the allegations levied against Plaintiff by Defendant. (Def.'s Mot. to Dismiss, ECF No. 25-2 at 5).

In a court order entered on September 22, 2023, the state court dismissed Defendant's counterclaims with prejudice;[1] ordered Mr. Mignogna to continue as the court-appointed estate executor and trustee, permanently replacing both Plaintiff and Defendant;[2] and permitted Plaintiff to make an application for attorneys' fees and costs, as well as lost commissions and related damages incurred as a result of Defendant's frivolous pleadings. (Compl., ECF No. 1 at ¶ 41). Despite the state court's invitation to seek an award for such damages, on October 2, 2023, in a Certification of Counsel, Plaintiff's counsel stated that Plaintiff was not seeking reimbursement for his time on the matter (approximately $168,000) nor the "significant damages [Plaintiff] suffered as a result of [Defendant's] frivolous pleadings." (ECF No. 25-3 at ¶¶ 42–43; *see also* Def.'s Mot. to Dismiss, ECF No. 25-2 at 7). On December 1, 2023, the state court awarded Plaintiff a total of $373,393.61 for reasonable attorneys' fees and costs. (Compl., ECF No. 1 at ¶ 42; Def.'s Mot. to Dismiss, ECF No. 25-2 at 8).

## II.  PROCEDURAL HISTORY

Shortly after the state court awarded Plaintiff attorneys' fees and costs, on December 20, 2023, Plaintiff filed this Complaint in the District of New Jersey, alleging malicious use of process by Defendant. (ECF No. 1). In response, Defendant filed a Motion to Dismiss on May 8, 2024, asserting the entire controversy doctrine and waiver barred Plaintiff's claim and, alternatively, that

---

[1]  Prior to issuing its dismissal with prejudice, the state court dismissed Defendant's counterclaims without prejudice on April 28, 2023, based on his failure to produce any discovery or evidence in support of the claim. (Compl., ECF No. 1 at ¶ 38; Pl.'s Opp., ECF No. 26-2 at 8). Additionally, on May 24, 2023, Plaintiff moved to amend his Complaint against Defendant to add claims for malicious use of process and intentional interference with business opportunity. (Pl.'s Opp., ECF No. 26-2 at 8). However, the state court denied leave to amend because Defendant's counterclaims had already been dismissed without prejudice. (*Id*. at 8–9).

[2]  Both Parties consented to Mr. Mignogna continuing in his role as third-party administrator during a hearing on September 22, 2023. (Def.'s Mot. to Dismiss, ECF No. 25-2 at 6).

3

Plaintiff has not established four out of five elements for a malicious use of process claim. (ECF No. 25-2). Plaintiff responded in opposition, (ECF No. 26-2), and Defendant replied in further support. (ECF No. 27).

### III.    JURISDICTION

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiff is a citizen of the State of Florida and Defendant is either a citizen of the State of California or Nevada. (Diversity Disclosure Statement, ECF No. 6). Additionally, Plaintiff seeks damages arising from Defendant's alleged malicious use of process, resulting in Plaintiff not being appointed as co-executor and depriving him of at least $750,000.00. (Compl., ECF No. 1 at ¶ 48). Accordingly, jurisdiction over the subject matter of this action is conferred by 28 U.S.C. §§ 1332(a)(1) and 1441(a).

### IV.    LEGAL STANDARD

To state a claim, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, alterations, and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (citation omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most

4

favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than "the-defendant-unlawfully-harmed-me accusation[s]," are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). If any other matters outside the pleadings are presented and the court does not exclude them, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

## V.     **DISCUSSION**

Defendant moves for dismissal based on the entire controversy doctrine and waiver. (Def.'s Mot. to Dismiss, ECF No. 25-2 at 11–15). For the reasons that follow, the Court finds that the entire controversy doctrine does not apply. However, the Court agrees that Plaintiff intentionally and unequivocally relinquished his right by explicitly declining to make an application for lost

commissions and related damages when invited to do so by the state court. Additionally, even if waiver did not apply, Plaintiff would nevertheless be barred from bringing a claim for malicious use of process because he cannot demonstrate that he suffered a special grievance. Accordingly, the Court grants Defendant's Motion to Dismiss, and Plaintiff's Complaint is dismissed with prejudice.

As an initial matter, the entire controversy doctrine is inapplicable because "a claim for malicious use of process [may] be brought only after the underlying matter has been concluded," *LoBiondo v. Schwartz*, 970 A.2d 1007, 1031 (N.J. 2009) (emphasis added), and "a separate suit must be instituted after favorable termination." *LoBiondo v. Schwartz*, 733 A.2d 516, 535 (N.J. Super. Ct. App. Div. 1999). Accordingly, Plaintiff was precluded from bringing a claim for malicious use of process until after the resolution of the Underlying Lawsuit, and it is only now that the state court litigation has concluded that he may bring such a claim in this separate suit. Therefore, Defendant's argument that Plaintiff violated the entire controversy doctrine by failing to join his claim into the Underlying Lawsuit, (Def.'s Mot. to Dismiss, ECF No. 25-2 at 12–14), is without merit.

Nevertheless, the Court finds that Plaintiff affirmatively and unequivocally waived his right to make a claim for damages for Defendant's alleged malicious use of process in a new suit. "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). By declining to seek lost commissions and related damages when explicitly invited by the state court, Plaintiff intentionally relinquished his right to bring such a claim seeking such damages here. Specifically, in the Certification of Counsel, Plaintiff's counsel stated that Plaintiff was not seeking reimbursement for the time that Plaintiff spent on the matter or the "significant damages [Plaintiff]

suffered as a result of [Defendant's] frivolous pleadings." (ECF No. 25-3 at ¶¶ 42–43; *see also* Def.'s Mot. to Dismiss, ECF No. 25-2 at 7). Because those are precisely the damages that Plaintiff seeks here, (Compl., ECF No. 1 at ¶ 66), the Court finds that Plaintiff effectively waived his rights to do so.

While Plaintiff states in conclusory fashion that he never intended to relinquish his rights, he offers no further explanation or argument. Namely, Plaintiff asserts an effective waiver occurs when there is a "clear act showing the intent to waive the right," *Nye v. Ingersoll Rand Co.*, 783 F. Supp. 2d 751, 762 (D.N.J. 2011), without explaining how his statements in the Underlying Lawsuit, made in a certification under oath, do not constitute a clear act showing that he waived his request for certain damages after the explicit invitation of the state court. (Pl.'s Opp., ECF No. 26-2 at 14–18). In addition, Plaintiff cites to case law regarding how waiver cannot be based on mistake of fact but does not explain what the mistaken facts are in this instance. (*Id.* at 15–16). Therefore, the Court finds that Plaintiff has not shown that he never intended to relinquish his rights, and the doctrine of waiver applies. Rather, the Certification of Counsel he submitted in the state court was entirely clear and stated no reservation or intention to seek damages in some future litigation.

In the alternative, even if Plaintiff had not waived his claim, Plaintiff fails to plead all the elements of a malicious use of process claim. A plaintiff asserting malicious use of process must show: "(1) an action was instituted by the defendant against the plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; (4) the action was terminated favorably to plaintiff; and (5) the plaintiff has suffered a special grievance." *Lopez v. City of Plairifield*, No. 12-4976, 2017 WL 370781, at *16 (D.N.J., Jan. 25, 2017) (citation omitted). Even assuming the first four elements are satisfied, Plaintiff does not meet the final

element as a matter of law because he does not allege that he suffered a special grievance. Rather, Plaintiff alleges that he was "disqualified as Co-Executor of Decedents' Estates and Co-Trustee of Decedents' Trusts," and was thus denied a commission and significant fees associated with these roles. (Compl., ECF No. 1 at ¶ 66). However, a special grievance is more than "incurring expenses to protect [a plaintiff's] interests, loss of profits, loss of time, and loss of wages that cannot be reclaimed." *Burgess v. Bennet*, No. 20-7103, 2021 WL 1050313, at *13 (D.N.J. Mar. 19, 2021); *see also Penwag Prop. Co. v. Landau*, 372 A.2d 1162, 1166 (N.J. Super. Ct. App. Div. 1977) (A "[s]pecial grievance in the context of malicious civil litigation has been held to consist of the interference with a party's personal liberty or property."). While Plaintiff argues that the loss of one's profession is a special grievance, there was no loss of profession here. Rather, Plaintiff merely lost one engagement and does not allege that, due to the Underlying Lawsuit, he lost other engagements or was otherwise put out of business. *See Giri v. Rutgers Cas. Ins. Co.*, 641 A.2d 1112, 1116–17 (N.J. Super. Ct. App. Div. 1994) ("Where the malicious lawsuit actually puts the targeted defendant out of business for a period of time, this constitutes a 'special grievance.'"). Rather, Plaintiff merely alleges the loss of a single commission and fee. This is insufficient to establish a special grievance as a matter of law and therefore, Plaintiff's malicious use of process claim necessarily fails.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, (ECF No. 25), is **GRANTED**. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED WITH PREJUDICE**. An appropriate Order accompanies this Opinion.

*[signature: Christine P. O'Hearn]*
**CHRISTINE P. O'HEARN**

**United States District Judge**